IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL No. 20-0124 |
| | : |
| HALEEM BALEY | : |

## MEMORANDUM

On or about March 5, 2020, a grand jury returned an indictment charging Defendant Haleem Baley with possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).

Presently before the Court is Defendant's Motion to Dismiss Count Two of the indictment, which charged him under 18 U.S.C. § 924(c)(1). In that motion, Baley argues that there is insufficient evidence and that 18 U.S.C. § 924(c)(1) is unconstitutionally vague. Based on Baley's agreement at a hearing before the Court on September 28, 2020, that he would raise his sufficiency of the evidence arguments at a later time in the context of a motion for acquittal, the Court denied his Motion to Dismiss in part without prejudice as to the sufficiency of the evidence issue. *See* Transcript of Oral Argument at 78, United States v. Baley, No. 20-124 (Oct. 5, 2020), ECF No. 25; *see also* Order, United States v. Baley, No. 20-124 (Oct. 14, 2020), ECF No. 26. The Court now addresses Baley's argument that Count II of the indictment should be dismissed because the phrase "in furtherance of" in § 924(c)(1) is unconstitutionally vague.

1

I.  **Factual Background**

On the night of November 19, 2018, Philadelphia police officers Daniel Levitt and Zach Zgleszewski stopped Defendant Haleem Baley's vehicle for violations of state traffic law. *See* Transcript of Record at 10, United States v. Baley, No. 20-124 (Oct. 5, 2020), ECF No. 25. Officer Levitt searched Baley's vehicle during the course of that stop and found cocaine in Baley's broken glove box. *Id.* at 24. Standing next to the car, Officer Levitt then noticed and recovered a firearm from a location directly behind the broken glove box. *Id.* at 26. The officers also later recovered $815 in small denominations from Baley's person. *Id.* at 25.

Baley was arrested and charged by state authorities on the date of the incident. A federal indictment followed, charging him with possession with the intent to distribute cocaine, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a felon. He moved to suppress the physical evidence of the narcotics, firearm, and $815 in multiple denominations found on his person and separately moved to dismiss Count II of the indictment.

II. **Discussion**

Baley asks this Court to find the term "in furtherance of" in 18 U.S.C. § 924(c)(1) unconstitutionally vague because it is not defined in § 924. Because it is unconstitutionally vague, he argues, Count II of the indictment charging him under that provision should be dismissed. The government argues that the phrase is not vague and points out that no court has ever held it to be so.

2

The Fifth Amendment guarantee of due process can be violated by taking away an individual's life, liberty, or property under a criminal law that is too vague. *See Johnson v. United States*, 576 U.S. 591, 595 (2015). The Constitution requires definiteness, and that requirement is violated by a criminal law "so vague that it fails to give ordinary people fair notice of the conduct it punishes." *Id.* "The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." *United States v. Harriss*, 347 U.S. 612, 617 (1954). The Constitution also prohibits a law that is "so standardless that it invites arbitrary enforcement." *Johnson*, 576 U.S. at 595.

A Court cannot rewrite an unconstitutional law. If it is possible to make a general class of offenses constitutionally definite by a reasonable construction of the statute, the Court must do so. *See Harriss*, 347 U.S. at 618. But "when Congress passes a vague law, the role of courts under our Constitution is not to fashion a new, clearer law to take its place, but to treat the law as a nullity and invite Congress to try again." *United States v. Davis*, 139 S. Ct. 2319, 2323 (2019).

Turning to the text, 18 U.S.C. § 924(c)(1) provides that:

"Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, *any person* who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or *who, in furtherance of any such crime, possesses a firearm*, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime –
    (i)    be sentenced to a term of imprisonment of not less than 5 years;
    (ii)   if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

3

>> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1) (emphasis added).

The phrase "in furtherance of" is not constitutionally vague. Although the Third Circuit has not addressed a challenge to the constitutionality of this provision, it has explained what is required to satisfy it. The "mere presence of a gun" is insufficient. *United States v. Sparrow*, 371 F.3d 851, 853 (3d Cir. 2004). Instead, evidence more specific to the particular defendant showing that "his or her possession actually furthered the drug trafficking offense" is required. *Id.* (quoting *United States v. Ceballos-Torres*, 218 F.3d 409, 411 (5th Cir. 2000)); *see also id.* (stating "that the possession of a firearm on the same premises as a drug transaction would not, without a showing of connection between the two, sustain a § 924(c) conviction") (quoting *United States v. Mackey*, 265 F.3d 457, 462 (6th Cir. 2001)).

"Put another way, the evidence must demonstrate that possession of the firearm advanced or helped forward a drug trafficking crime." *Sparrow*, 371 F.3d at 853. Additionally, the Third Circuit outlined certain nonexclusive factors relevant to determining whether a firearm was possessed in furtherance of a drug trafficking crime: "the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." *Id.* (quoting *Ceballos-Torres*, 218 F.3d at 414-15). The Third Circuit's explanation of how the "in furtherance of" requirement is

met and the factors to be considered in making that determination demonstrates that the provision is not "so vague that it fails to give ordinary people fair notice of the conduct it punishes." *Johnson*, 576 U.S. at 595; *cf. id.* at 598 (noting that "the failure of persistent efforts . . . to establish a standard can provide evidence of vagueness") (quoting *United States v. L. Cohen Grocery Co.*, 255 U.S. 81, 91 (1921)) (internal quotation marks omitted).

This is true even though the statute itself does not define "in furtherance of." Webster's defines "furtherance" as "a helping forward: advancement, promotion." *Furtherance*, *Websters Third New International Dictionary* (1981). "In other words, the weapon must promote or facilitate the crime." *Mackey*, 265 F.3d at 461. Based on the plain meaning of possession "in furtherance of" a drug trafficking crime, individuals are on notice that if they possess a firearm to advance, help forward, promote, or facilitate a drug trafficking crime, they will receive a higher sentence. *See United States v. Tykarsky*, 446 F.3d 458, 473 (3d Cir. 2006) (finding no unconstitutional vagueness in statutorily undefined terms where the "terms have a plain and ordinary meaning that do[] not need further technical explanation"); *see also United States v. Cooper*, 19 F.3d 1154, 1165 (7th Cir. 1994) (finding that the phrase "working in furtherance of a continuing criminal enterprise" is not constitutionally vague despite the lack of a statutory definition because the common meaning is clear). And the factors relevant to determining whether a firearm was possessed in furtherance of a drug trafficking crime show that the statute is not "so standardless that it invites arbitrary enforcement." *Johnson*, 576 U.S. at 595.

5

Baley cites only the Supreme Court decision *United States v. Davis* to support his argument, but that case is inapposite. *See United States v. Davis*, 139 S. Ct. 2319 (2019). In *Davis,* the Supreme Court dealt with a different provision in 18 U.S.C. § 924(c) than the one at issue here. *Davis* considered the residual clause in § 924(c), which, combined with a separate 'elements' clause, outlines what constitutes a "crime of violence" for purposes of § 924(c)(1)(a). The residual clause defines crimes of violence as crimes "that by [their] nature, involve[e] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). The question in *Davis* was whether the residual clause required a "categorical approach," which requires judges to imagine the "ordinary case" of the crime and whether that ordinary case would involve a substantial risk of physical force. Prior Supreme Court precedent dictated that "the imposition of criminal punishment can't be made to depend on a judge's estimation of the degree of risk posed by a crime's imagined 'ordinary case.'" *Id.* at 2326 (citing *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018)). Determining that the residual clause in § 924(c)(3)(B) required a categorical approach, the Supreme Court concluded the clause was unconstitutionally vague.

The principles in *Davis* have no bearing on the "in furtherance of" phrase in § 924(c)(1). No categorical approach is required to convict or sentence an individual for possessing a firearm "in furtherance of" a drug trafficking crime. If anything, *Davis* helps the government's reading. There, the Supreme Court "recognized that there would be no vagueness problem with asking a jury to decide whether a defendant's 'real-world

6

conduct' created a substantial risk of physical violence." *See id.* at 2327 (quoting *Dimaya*, 138 S. Ct. at 1215-1216). That recognition did not save the "crime of violence" residual clause because a case-specific approach was not permitted by the statute's text, context, and history. *Id.* But just as there would be no vagueness problem with asking a jury to decide whether a defendant's actual conduct created a substantial risk of physical violence, there is no vagueness problem with asking a jury to determine whether a firearm was used to advance, help forward, promote, or facilitate a drug trafficking crime.

Baley has pointed to no Court that has found "in furtherance of" to be unconstitutionally vague. In fact, the Circuits that have addressed whether § 924(c)(1) is vague have all found that it is not. *See United States v. Eller*, 670 F.3d 762 (7th Cir. 2012) (finding § 924(c)(1) to be clear and intelligible); *United States v. Hungerford*, 465 F.3d 1113 (9th Cir. 2006) (finding the penalties in § 924(c)(1) are not vague); *United States v. Camps*, 32 F.3d 102, 109 (4th Cir. 1994)) (finding § 924(c)(1) unambiguous as to whether the underlying offense is criminalized); *cf. Cooper*, 19 F.3d at 1165 (finding "working in furtherance of a continuing criminal enterprise" constitutionally sound because "[c]onsistent with its common meaning, working 'in furtherance' of a continuing criminal enterprise means working to promote or advance the interests of a continuing criminal enterprise" and finding "nothing unconstitutionally vague about this language").

While those reported cases did not explicitly address the vagueness or lack thereof of the "in furtherance of" language in § 924(c)(1), a panel of the Sixth Circuit did. *See United States v. Helton*, 86 F. App'x 889 (6th Cir. 2004). The defendant in that case, as here, asked the Court to find that "in furtherance of" is vague and overbroad. In rejecting

7

that argument, the Court cited its precedent that defined "in furtherance of" and that outlined the non-exhaustive factors to be considered in determining whether the provision had been satisfied. *See id.* at 891 (discussing *Mackey*, 265 F.3d 457). The Court reasoned that *Mackey*'s analysis made it apparent that "in furtherance of" is neither unconstitutionally vague nor overbroad. *See id.* at 891 (quoting *United States v. Mackey*, 265 F.3d 457, 462 (6th Cir. 2001)). Similar to the Sixth Circuit in *Mackey*, the Third Circuit has explained what is required to satisfy the "in furtherance of" requirement and the factors to be considered in doing so. *See Sparrow*, 371 F.3d at 853. Baley has given the Court no reason – and *Davis* certainly is not one – to believe that the Third Circuit would not similarly conclude based on its precedent discussing the ways to satisfy the "in furtherance of" requirement that it is not unconstitutionally vague.

  Statutes are afforded a strong presumption of validity. *See United States v. National Dairy Products Corp.*, 372 U.S. 29, 32 (1963). Nothing here warrants a departure from that presumption. Accordingly, the Court will deny with prejudice the portion of Baley's motion to dismiss alleging that Count II should be dismissed because 18 U.S.C. § 924(c)(1) is unconstitutionally vague.