**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | No. 20-124 |
| v. | : | |
| | : | |
| HALEEM BALEY | : | |
| | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                           **FEBRUARY 5, 2024**

Defendant Haleem Baley brings this *pro se* Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2), arguing that the recently-enacted Amendment 821 – Part A to the U.S. Federal Sentencing Guidelines entitles him to a re-calculated Guidelines range and a reduced sentence. ECF No. 76. For the reasons set forth below, Mr. Baley is ineligible for a reduced sentence, and the Court will deny his motion (ECF No. 76).

I.   **BACKGROUND**

   a. **Mr. Baley's Criminal History**

Mr. Baley has multiple prior criminal convictions. His criminal history includes convictions for possession of marijuana, including possession with intent to deliver, and carrying an unlicensed firearm. PSR ¶¶ 35-37. The instant offenses were Mr. Baley's first exposure to the federal justice system. *See id.*

As to the instant offenses, on November 19, 2018, Philadelphia Police officers on patrol spotted a vehicle with expired inspection stickers and a broken turn signal. *Id.* ¶ 10. The officers pulled the vehicle over and noticed an odor of marijuana as they approached, along with ashes on the cupholders. *Id.* ¶ 11. Mr. Baley was the only person in the car. *Id.* ¶ 10. When the officers asked Mr. Baley for his license, registration, and insurance, he only provided a license. *Id.* ¶ 11. The

officers suggested that Mr. Baley look in the glove compartment for his registration. Mr. Baley opened the glove compartment then quickly shut it, but not before the officers observed a package with a white substance. *Id.* ¶ 12. The officers searched the car and found two large baggies of cocaine and a loaded firearm with an obliterated serial number. *Id.* ¶¶ 13-15. Mr. Baley was arrested, and the police found $815 in Mr. Baley's pants pocket. *Id.* ¶ 15.

On March 5, 2020, a grand jury sitting in the Eastern District of Pennsylvania returned a three count indictment charging Mr. Baley with one count of possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1), one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 924(c), and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). *Id.* ¶ 1.

The guideline range for Mr. Baley was calculated to be 23 points in total. Presentence Investigation Report ("PSR") ¶ 33. With respect to Mr. Baley's criminal history, he was assessed a criminal history score of seven, and a criminal history category of IV. *Id.* ¶ 40. As set forth in the PSR, his prior criminal convictions resulted in a criminal history score of five. *Id.* ¶ 38. Because he committed the instant offense while on probation, i.e., under a criminal justice sentence, he was assessed an additional two points. *Id.* ¶ 39. Based on his total offense level of 23 and criminal history category of IV, his guideline imprisonment range was 70 to 87 months. *Id.* ¶ 77. However, because Count II carries a mandatory minimum sentence of 60 months that must be imposed consecutively to any other sentences, his effective guideline range was 130 to 147 months. *Id.* ¶¶ 76-77.

Mr. Baley pled guilty to the three-count Indictment before the Honorable Chad F. Kenney on September 14, 2021. ECF No. 40.  On January 12, 2022, Mr. Baley was sentenced to a term of

96 months of imprisonment, six years of probation, and a special assessment of $300. ECF No. 45.

## II. LEGAL STANDARD

Until November 2023, § 4A1.1 of the U.S. Federal Sentencing Guidelines required the addition of two points if the defendant committed the offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1. Mr. Baley was convicted under this version of the Guidelines. Amendment 821 to the Guidelines, effective November 1, 2023, revised this provision of the Guidelines to require the addition of only *one* point if the defendant committed the offense while under a criminal justice sentence. Amendment 821 applies retroactively. *See* U.S.S.G. § 1B1.10(a)(1), (d).

Generally, upon an amendment of the Guidelines that would result in a lower sentence for a particular defendant, that defendant can move to reduce the term of imprisonment. 18 U.S.C. §3582(c)(2). The Court can grant the reduction after considering the § 3553(a) factors. *Id.* Such a reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The relevant policy statement dictates that upon amendment of the Guidelines, the Court should calculate the amended guideline range that would have been applicable to the defendant had the amendment been in place at the time of sentencing. § 1B1.10(b)(1). However, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C § 3582(c) and this policy statement to a term that is less than the minimum of the amended guideline range" after recalculating to incorporate the effect of the amendment. § 1B1.10(b)(2)(A).

## III. DISCUSSION
### a. Motion for Reduction of Sentence

Mr. Baley's motion reiterates much of the factual and procedural history discussed *supra*. Since his guilty plea while under probation amount to the addition of one status point rather than two, Mr. Baley recalculates his Guideline range under the new amendment to be 117-131 months (compared to his existing range of 130-147 months). ECF No. 76 at 2. Mr. Baley previously pled to a sentence of 96 months, which was 34 months below the bottom of his previous guideline range. *Id.* Accordingly, he requests a comparable reduction of 34 months below his range under the amended Guidelines, for a new sentence of 83 months. *Id.*

Mr. Baley then asserts that the § 3553(a) factors weigh in favor of reducing his sentence. Specifically, he notes that although he is ineligible for time credits under the First Step Act, he has "continue[d] to participate in a variety of treatment and skill-based courses," including drug treatment programs, health and wellness classes, and other treatment and skill-based courses. *Id.* at 3-4. Further, he has "pa[id] off any fines or fees imposed by the Court in full." *Id*. at 3.

    **b.  Government's Response**

The Government similarly acknowledges the procedural history of this matter and of Amendment 821. However, the Government argues that the Court cannot reduce Mr. Baley's sentence since it is already below the bottom of the Guideline range. The Government asserts that consideration of a reduction in sentence is a two-step process, and the Court is not permitted to consider the § 3553(a) factors unless the defendant's sentence is above the bottom of the Guideline range. Therefore, the Government continues, the Court is bound to deny Mr. Baley's motion.

    **c.  Analysis**

The Government's analysis is correct. The relevant statute and policy statement do not permit a reduction in sentence "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). Mr. Baley's sentence of 96 months is below the reduced range

of 117 months, making him ineligible for a further reduction based on Amendment 821. *See United States v. Perez*, 2024 WL 246026, at *2 (E.D. Pa. Jan. 22, 2024) ("The Sentencing Commission's Policy Statement [§] 1B1.10(b)(2)(A) prevents us from re-sentencing [defendant] below the…low end of his amended sentence range.").

The exception to that rule is where "the defendant[] [provided] substantial assistance to authorities," in which case "a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B). Neither the PSR nor Mr. Baley's motion indicate that Mr. Baley provided substantial assistance to authorities. Moreover, any reduction pursuant to that provision must come via a "government motion" reflecting defendant's substantial assistance, which has not been filed in this case. *Id. See also United States v. Woods*, 500 F. App'x 109, 112 n.3 (3d Cir. 2012) ("this exception is not applicable in [Defendant's] case because no such motion to reflect substantial assistance was filed [by the government]."). Therefore, the Court does not have discretion to grant Mr. Baley's request for a "proportional reduction," or any reduction, in his sentence. ECF No. 76 at 2.

## IV. CONCLUSION

For the reasons stated above, Mr. Baley's motion for a reduced sentence is denied. An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**